# EXHIBIT B

| DISTRICT COURT, COUNTY OF WELD, STATE OF COLORADO | |
|---|---|
| COURT ADDRESS::<br><br>901 9th Ave<br>Greeley, CO 80631 | |
| Plaintiff: Fulgencio Santillano<br>v.<br><br>Defendants: JBS Swift & Co. | ▲   COURT USE ONLY   ▲<br><br>Case Number:  11CV792<br><br>Division:        Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: JBS Swift & Co.**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 20 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are also served herewith:  A copy of the complaint.

Dated: January 17, 2012

Miguel R. Velasco                                , 27708
4800 Wadsworth Blvd.  Suite 218
Wheatridge, CO  80033
Telephone: (720) 629-4916

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

JDF 600  R12/07   DISTRICT COURT CIVIL SUMMONS

| DISTRICT COURT, COUNTY OF WELD | |
|---|---|
| STATE OF COLORADO | |
| 901 9th Ave. | |
| Greeley, CO 80631 | COURT USE ONLY |
| Plaintiff: Fulgencio SANTILLANO – SOTO | |
| v. | |
| Defendant: JBS SWIFT & Co. | |
| Attorney of Party Without Attorney (Name and Address) | Case Number: 11CV792 |
| Miguel R. Velasco | |
| 4800 Wadsworth Blvd. Suite 218 | |
| Wheat Ridge, CO 80033 | |
| Phone Number: 720-629-4916    Atty. Reg. #: 27708 | Division: 5    Courtroom |
| FIRST AMENED COMPLAINT | |

The plaintiff Fulgencio SANTILLANO, through his attorney, Miguel R. Velasco, files this amended complaint against the above named defendant.

**1. Jurisdiction and Venue**

1.1 This is an action arising under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 42 US.C. § 1983.

1

1.2 The jurisdiction of this court is invoked pursuant to the provisions of Title VII, 42 U.S.C. § § 2000e-5 and 2000e-16(c), 1981a, and§ 1983 and the general civil rights jurisdictional provisions of 28 U.S.C. § 1343(a)(4).

1.3 Claims also are stated under the common law of the State of Colorado against the individual defendant for negligence.

1.4 The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

1.5 The jurisdiction of this court is invoked pursuant to the provisions of C.R.S. § 24-34-402 makes it illegal for an employer to discriminate on the basis of race.

1.6 Plaintiff filed a complaint with the Equal Employment Opportunity commission and recived a right to sue letter on May 18, 2011 which was also sent to the Defendant.

1.7 The Weld District Court has jurisdiction and venue is proper in this Court because all events hereinafter described which gave rise to this action, and all events involved in this action occurred in the Greeley, Colorado which is located in Weld county.

**2. Nature of the Action and Relief Sought**

2.1 This is an employment discrimination case by a private employee alleging a discriminatory conduct against him because of his race and age.

2

2.2 Plaintiff seeks a declaration that the acts of the defendant party, negligently and unlawfully discriminated against him because of his race and age, appropriate injunctive relief, lost pay, compensatory and punitive damages.

## 3. The Parties

3.1 Fulgencio Santillano, plaintiff, is an adult male Resident of the United States and the State of Colorado, who is more than 51 years of age, a resident of Greeley, Colorado.

3.2 JBS Swift & Co. operates meat processing facilities around the world, specifically in 800 North 8th Avenue, Greeley, CO.

## 4. Facts.

4.1 Plantiff was employed by the JBS Swift & Co., (herein after "JBS") since August 22nd, 2008 until October 4th, 2010, date he was discharged.

4.2 Mr. Santillano is and was at the moment of discharge, fully capable of performing his job at JBS without special accommodations.  His occupation was Saw Operator on table E.

4.3   On Friday September 30th, 2010, there was an incident involving violence at JBS parking lot involving Mr. Santillano and Mr. Ahmed A. Shagab; both JBS employees at the moment.

4.4   Mr. Santillano reported to Greeley Police Department an assault, once the Greeley Police arrived to the scene.  Mr. Shagab abandoned the scene.

4.5   Mr. Santillano was assisted by Health Services Department where he received treatment since he needed immediate medical attention,.  A urine test was also requested by JBS as Employment policy.

4.6   On October 1st, 2010, Mr. Santillano reported to Human Resources.  He was placed on suspension pending investigation of the September 30th, 2010 incident.  On October 4th, 2010, Mr. Santillano was discharged by JBS.

4.7   Mr. Shagab was not sanctioned at that moment.  He was allowed to work the day after, October 1st, 2010 for more than one week without being subjected to suspension or in any way reprehended.  He received a different treatment.

4.8   Mr. Santillano suffered injuries in his body and face inflicted by Mr. Shagab on the September 30th, 2010 incident among other harm.

4

4.9  Mr. Santillano faces charges were dismissed for Disorderly conduct due to the same incident.

4.10  JBS had security guards in a Visitor Center where employees must pass through to reach the parking lot.  Video Cameras are also in place.

4.11  Several witnesses of the September 30th, 2010 incident, address the issue to their supervisors.  They clearly identified Mr. Shagab and yet JBS did not conducted an accurate and prompt investigation.  It took several Hispanic protests for JBS to take actions against Mr. Shagab.

4.12  Mr. Santillano was discharged without JBS having all the facts on the incident.  Mr. Shagab, who is a Black male, was not contacted by JBS at the moment Mr. Santillano was discharged.

**5.  First Claim for Relief**

Civil Rights Acts of 1964 and 1991, Colorado State Law

5.1 Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's race and age, because plaintiff did not receive equal treatment than Mr. Shagab, all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and C.R.S. § 24-34-402.

5

## 6. PLAINTIFF'S SECOND CLAIM FOR RELIEF

6.1  Plaintiff refers to all paragraphs from sections 1-5 inclusive of this complaint, and by

such reference incorporates the allegations contained in said paragraphs

6.2 On or about October 1, 2010, an employee of JBS Swift & Co did subject plaintiff to

unlawful physical and psychological harm in the parking lot at JBS Swift & Co. while

plaintiff was leaving work. Security should have monitored the parking lot.

6.3  The defendant negligently failed to protect plaintiff from acts committed

against plaintiff described above. The defendant could have and should have prevented

harm to plaintiff.

6.3  As a proximate result of the acts described above and the

negligence of the defendants as stated above, plaintiff was so severely

traumatized, and was in such physical and mental pain requiring that he be taken to

plaintiff's primary physician for treatment.

6.4  Plaintiff continues to suffer to this date, and will continue to suffer in the

future extreme physical and mental pain, severe emotional distress, all as a proximate

result of the acts and the negligence of the defendants described in this complaint.

6.5. Plaintiff has suffered damages in an amount to be proved at a trial of this case.

## 7. PLAINTIFF'S THIRD CLAIM FOR RELIEF
### (First, Fifth, and Fourteen Amendments to the U.S. Constitution)

7.1  Plaintiff refers to all paragraphs from sections 1-6 inclusive of this complaint, and by
such reference incorporates the allegations contained in said paragraphs.

7.2. In the alternative, all the actions of the defendants above alleged,

defendants acted under color of law and intentionally deprived plaintiff of life, liberty,

happiness, safety and due process and equal protection guaranteed to him by the

6

Constitution of the United States, all in violation of 42 U.S.C. section 1983.

7.3  Plaintiff was suspended and or terminated due to his race. The other individual was

permitted to work and was not terminated until notice was given to EEOC and other

employees demanded his termination. This disparity based on race is contrary under color

of law and intentionally deprived plaintiff of life, liberty, happiness, safety and due

process and equal protection.

**Prayer**

Accordingly, plaintiff prays that defendants be cited to appear and answer in this action,

and that upon the evidence, finding of the jury and applicable law, the court enter

judgment in favor of plaintiff and against Defendant in such amount as the evifdence

shall show at trial :

1. Declaring that the defendant has maintained and maintains in the Greely locations

policy and practice of racial discrimination by managers and supervisors against Hispanic

employees.

2. Directing the defendant by appropriate injunctive orders to eliminate such policy and

practice.

3. Directing the defendant to take specific corrective action for the discrimination and

retaliation of plaintiff in the past and protecting plaintiff from further acts of

discrimination and retaliation in the future.

7

4. Awarding plaintiff back pay, compensatory damages and punitive damages against the

defendant.

5. Awarding plaintiff compensatory and punitive damages against Defendant.

6. Determining and awarding a reasonable attorney's fee and the costs and expenses of

this action to plaintiff and his counsel against the defendant, and providing for interim

payment in the case of an appeal of the judgment by the defendant.

7. Including prejudgment and postjudgment interest as provided by law.

8. All other relief to which plaintiff shows himself entitled at law or in equity.

Respectfully submitted,

s/Miguel R Velasco

Miguel R. Velasco

Colorado Bar No. 27708

Attorney for Plaintiff

4800 Wadsworth Blvd.  Suite 218

Wheatridge, CO  80033

8

Demand for Jury

Mr. Fulgencio Santillano, plaintiff, exercises his right under the United States
Constitution and applicable statutes and rules and requests that all issues of fact in this
action be determined by a jury.

9