# EXHIBIT C

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF WELD**<br><br>**STATE OF COLORADO**<br><br>901 9th Ave.<br><br>Greeley, CO 80631 | EFILED Document – District Court<br>2011CV792<br>CO Weld County District Court 19th JD<br>Filing Date: Feb 1 2012 12:43PM MST<br>Filing ID: 42259108 |
| | **COURT USE ONLY** |
| Plaintiff: Fulgencio SANTILLANO – SOTO<br><br>v.<br><br>Defendant: JBS SWIFT & Co. | |
| Attorney of Party Without Attorney (Name and Address)<br><br>Miguel R. Velasco<br><br>4800 Wadsworth Blvd. Suite 218<br><br>Wheat Ridge, CO 80033<br><br>Phone Number: 720-629-4916   Atty. Reg. #: 27708 | **Case Number: 11CV792**<br><br><br><br>Division: 5   Courtroom |
| **SECOND AMENED COMPLAINT** ||

The plaintiff Fulgencio SANTILLANO, through his attorney, Miguel R. Velasco, files this amended complaint against the above named defendant.

## 1. Jurisdiction and Venue

1.1 This is an action arising under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the Civil Rights Act of 1991.

1

1.2 The jurisdiction of this court is invoked pursuant to the provisions of Title VII, 42 U.S.C. §§ 2000e-5 and 2000e-16(c), and the general civil rights jurisdictional provisions of 28 U.S.C. § 1343(a)(4).

1.3 Claims also are stated under the common law of the State of Colorado against the individual defendant for negligence.

1.4 The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

1.5 The jurisdiction of this court is invoked pursuant to the provisions of C.R.S. § 24-34-402 makes it illegal for an employer to discriminate on the basis of race.

1.6 Plaintiff filed a complaint with the Equal Employment Opportunity commission and recived a right to sue letter on May 18, 2011 which was also sent to the Defendant.

1.7 The Weld District Court has jurisdiction and venue is proper in this Court because all events hereinafter described which gave rise to this action, and all events involved in this action occurred in the Greeley, Colorado which is located in Weld county.

## 2. Nature of the Action and Relief Sought

2.1 This is an employment discrimination case by a private employee alleging a discriminatory conduct against him because of his race.

2.2 Plaintiff seeks a declaration that the acts of the defendant party, negligently and unlawfully discriminated against him because of his race, appropriate injunctive relief, lost pay, compensatory and punitive damages, and relief based on negligence.

## 3. The Parties

3.1 Fulgencio Santillano, plaintiff, is an adult male Resident of the United States and the State of Colorado, who is more than 51 years of age, a resident of Greeley, Colorado.

3.2 JBS Swift & Co. operates meat processing facilities around the world, specifically in 800 North 8th Avenue, Greeley, CO.

## 4. Facts.

4.1 Plantiff was employed by the JBS Swift & Co., (herein after "JBS") since August 22nd, 2008 until October 4th, 2010, date he was discharged.

4.2 Mr. Santillano is and was at the moment of discharge, fully capable of performing his job at JBS without special accommodations. His occupation was Saw Operator on table E.

3

4.3 On Friday September 30th, 2010, there was an incident involving violence at JBS parking lot involving Mr. Santillano and Mr. Ahmed A. Shagab; both JBS employees at the moment. Mr. Santillano was leaving the guard shack and was jumped from behind by Mr. Shagab.

4.4 Mr. Santillano reported to Greeley Police Department an assault, once the Greeley Police arrived to the scene. Mr. Shagab abandoned the scene.

4.5 Mr. Santillano was assisted by Health Services Department where he received treatment since he needed immediate medical attention,. A urine test was also requested by JBS as Employment policy.

4.6 On October 1st, 2010, Mr. Santillano reported to Human Resources. He was placed on suspension pending investigation of the September 30th, 2010 incident. On October 4th, 2010, Mr. Santillano was discharged by JBS.

4.7 Mr. Shagab was not sanctioned at that moment. He was allowed to work the day after, October 1st, 2010 for more than one week without being subjected to suspension or in any way reprehended. He received a different treatment.

4.8 Mr. Santillano suffered injuries in his body and face inflected by Mr. Shagab on the September 30th, 2010 incident among other harm.

4

4.9   JBS had security guards in a Visitor Center where employees must pass through to reach the parking lot. Video Cameras are also in place. The incident happened after Mr. Santillano passed the security guard shack.

4.10  Several witnesses of the September 30th, 2010 incident, address the issue to their supervisors. They clearly identified Mr. Shagab and yet JBS did not conducted an accurate and prompt investigation. It took several Hispanic protests for JBS to take actions against Mr. Shagab.

4.11  Mr. Santillano was discharged without JBS having all the facts on the incident. Mr. Shagab, who is a Black male, was not contacted by JBS at the moment Mr. Santillano was discharged.

## 5. First Claim for Relief

Civil Rights Acts of 1964 and 1991, Colorado State Law

5.1 Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's race because plaintiff did not receive equal treatment than Mr. Shagab, all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and C.R.S. § 24-34-402.

## 6. PLAINTIFF'S SECOND CLAIM FOR RELIEF

6.1 Plaintiff refers to all paragraphs from sections 1-5 inclusive of this complaint, and by

such reference incorporates the allegations contained in said paragraphs

6.2 On or about October 1, 2010, an employee of JBS Swift & Co did subject plaintiff to unlawful physical and psychological harm in the parking lot at JBS Swift & Co. while plaintiff was leaving work. Security should have monitored the parking lot.

6.3 The defendant negligently failed to protect plaintiff from acts committed against plaintiff described above. The defendant could have and should have prevented harm to plaintiff.

6.3 As a proximate result of the acts described above and the negligence of the defendants as stated above, plaintiff was so severely traumatized, and was in such physical and mental pain requiring that he be taken to plaintiff's primary physician for treatment.

6.4 Plaintiff continues to suffer to this date, and will continue to suffer in the future extreme physical and mental pain, severe emotional distress, all as a proximate result of the acts and the negligence of the defendants described in this complaint.

6.5. Plaintiff has suffered damages in an amount to be proved at a trial of this case.

**Prayer**

Accordingly, plaintiff prays that defendants be cited to appear and answer in this action, and that upon the evidence, finding of the jury and applicable law, the court enter judgment in favor of plaintiff and against Defendant in such amount as the evidence shall show.

6

1. Declaring that the defendant has maintained and maintains in the Greely locations policy and practice of racial discrimination by managers and supervisors against Hispanic employees.

2. Directing the defendant by appropriate injunctive orders to eliminate such policy and practice.

3. Directing the defendant to take specific corrective action for the discrimination and retaliation of plaintiff in the past and protecting plaintiff from further acts of discrimination and retaliation in the future.

4. Awarding plaintiff back pay, compensatory damages and punitive damages against the defendant.

5. Awarding plaintiff compensatory and punitive damages against Defendant.

6. Determining and awarding a reasonable attorney's fee and the costs and expenses of this action to plaintiff and his counsel against the defendant, and providing for interim payment in the case of an appeal of the judgment by the defendant.

7. Including prejudgment and postjudgment interest as provided by law.

8. All other relief to which plaintiff shows himself entitled at law or in equity.

Respectfully submitted,

s/Miguel R Velasco

Miguel R. Velasco

Colorado Bar No. 27708

Attorney for Plaintiff

4800 Wadsworth Blvd.  Suite 218

Wheatridge, CO  80033

Demand for Jury

Mr. Fulgencio Santillano, plaintiff, exercises his right under the United States Constitution and applicable statutes and rules and requests that all issues of fact in this action be determined by a jury.

8