IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00330-LTB-MJW

FULGENCIO SANTILLANO-SOTO,

    Plaintiff,

v.

JBS USA, LLC,

    Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Court will hold a scheduling/planning conference on April 10, 2012 at 1:30 p.m.

| Counsel for Fulgencio Santillano-Soto: | Counsel for JBS USA, LLC: |
|---|---|
| Miguel R. Velasco<br>4800 Wadsworth Blvd., Suite 218<br>Wheat Ridge, CO 80033<br>(720) 629-4916 | W.V. Bernie Siebert<br>633 17th Street, Suite 3000<br>Denver, CO 80202<br>(303) 297-2900 |
| Attorney for Plaintiff | Attorneys for Defendant |

**2. STATEMENT OF JURISDICTION**

Plaintiff's Second Amended Complaint alleges a violation of Title VII of the Civil Rights Act of 1964, as amended. This is a claim arising under the laws of the United States of America

over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court has jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

Plaintiff claims Defendant discriminated against him based upon his race in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff contends that he was not treated equally to a black hereinafter referred to as Somalian employee. Defendant treated Plaintiff worse than the Somalian employee. Plaintiff's discharge from employment was handled differently than the Somalian employee. Defendant's conduct was based on race discrimination.

Plaintiff claims Defendant was negligent by failing to prevent him from being assaulted by a fellow employee after Plaintiff completed his work shift. At the time of the assault, Plaintiff was no longer an employee but an invitee of Defendant with permission to be at the premises. Defendant's negligence was the proximate cause of Plaintiff's damages.

Plaintiff requests punitive damages be awarded due to the reckless indifference to Plaintiff's rights.

b.   Defendant(s):

In his Second Amended Complaint, Plaintiff claims Defendant discriminated against him based upon his race in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Colorado Anti-Discrimination Act, in that he was not treated equally to a non-black employee. Plaintiff's Complaint fails to state a claim on which relief can be granted. Plaintiff's claim pursuant to C.R.S. § 24-34-402 is duplicative of and preempted by 42 U.S.C. §

2

2000. Defendant did not treat Plaintiff worse than any similarly-situated individual. Defendant acted at all times in good faith and with reasonable grounds for believing that its conduct comported with applicable law. Plaintiff's discharge from employment with Defendant was based on legitimate, non-discriminatory and non-retaliatory reasons.

Plaintiff also claims Defendant was negligent by allegedly failing to prevent him from being assaulted by a fellow employee in the company's parking lot. Plaintiff's claim of negligence is barred by Colorado's Workers' Compensation Act which provides the exclusive remedy for the injuries and damages alleged in the Complaint. Defendant's alleged conduct was not the proximate cause or cause-in-fact of any of Plaintiff's alleged injuries or damages.

Plaintiff's damages, if any, are barred or limited by applicable statutory damage caps, the doctrine of after-acquired evidence, the doctrine of unclean hands, and Plaintiff's own failure to mitigate. Punitive damages, if any, are barred or limited because Defendant did not engage in any conduct with malice or reckless indifference to Plaintiff's rights and has not engaged in any unlawful intentional conduct. Defendant is entitled to recover its costs and attorney's fees as Plaintiff's claims are groundless and frivolous.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff Fulgencio Santillano-Soto was employed by Defendant JBS USA, LLC from August 22, 2008 until October 4, 2010. Plaintiff was a saw operator in the fabrication department at the time of his termination.

2. Plaintiff reported to Defendant an altercation in the JBS parking lot allegedly involving Plaintiff and another JBS employee on September 30, 2010.

3

3.  There are security guards in the visitor center between the JBS facility and the parking lot. There are video cameras in the parking lot near the visitor center.

5.  Plaintiff was escorted to Defendant's health services department to receive a medical evaluation on September 30, 2010. Plaintiff also provided a urine sample for urinalysis at that time.

6.  On or around October 1, 2010, Defendant suspended Plaintiff pending investigation of the alleged altercation on September 30, 2010. On October 4, 2010, Defendant discharged Plaintiff.

7.  Defendant discharged Ahmed Shagab, who Defendant determined had been involved in the altercation with Plaintiff, after Plaintiff's termination.

## 5. COMPUTATION OF DAMAGES

Plaintiff:   Plaintiff is claiming compensatory damages in he amount of $250,000 for pain and suffering, lost wages, and medical bills. Plaintiff is claiming punitive damages in the amount of $500,000. Plaintiff is also requesting that he be reinstated to his previous employment by Defendant at the same position and pay grade prior to Plaintiff's suspension.

Defendant:   Defendant is not claiming damages in this lawsuit.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.  Date of Rule 26(f) meeting:   March 29, 2012.

b.  Names of each participant and party he/she represented:   Miguel Velasco on behalf of Plaintiff Fulgencio Santillano-Soto; Sarah Peace on behalf of Defendant JBS USA, LLC.

4

     c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made: ~~April 12, 2012.~~ April 20, 2012.

     d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):   None.

     e.     Statement concerning any agreements to conduct informal discovery:   The parties have not agreed to conduct informal discovery at this time.

     f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:   The parties have not made any other agreements concerning discovery at this time.

     g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:   The parties do not anticipate extensive discovery of electronically stored information or records.  If either party desires any document in its original electronic format, the parties have agreed to supply the same.

     h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:   The parties believe settlement discussions are premature at this time.  The parties will revisit the issue of informal settlement after conducting an initial round of discovery.

## 7.
## CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

5

## 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:   Each party shall be limited to five (5) depositions.   25 Interrogatories per party

b.  Limitations which any party proposes on the length of depositions:   Each deposition shall be limited to seven (7) hours.

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission:  The parties shall be limited to twenty-five (25) requests for production of documents per side and twenty-five (25) requests for admission per side.

d.  Other Planning or Discovery Orders:   None.

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:   May 11, 2012.

b.  Discovery Cut-off:   September 21, 2012.

c.  Dispositive Motion Deadline:   November 2, 2012.

d.  Expert Witness Disclosure

   1.  The parties shall identify anticipated fields of expert testimony, if any: None anticipated by either party at this time.

   2.  Limitations which the parties propose on the use or number of expert witnesses:   A maximum of two (2) expert witnesses per side; however, no expert witnesses are anticipated by either party at this time.

   3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 13,

6

2012.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>August 17, 2012.</u>

    e.    Identification of Persons to Be Deposed:

*[handwritten: All Depositions including experts shall be completed by September 21, 2012]*

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff | TBD | TBD | 7 hours |
| Security Guard | TBD | TBD | 2 hours |
| Supervisor | TBD | TBD | 4 hours |
| Employees | TBD | TBD | 2 hours each |

    f.    Deadline for Interrogatories: All Interrogatories shall be served no later than 30 days prior to the discovery cut-off. *[handwritten: by August 22, 2012]*

    g.    Deadline for Requests for Production of Documents and/or Admissions: All Requests for Production of Documents and/or Admissions shall be served no later than 30 days prior to the discovery cut-off. *[handwritten: by August 22, 2012]*

### 10. DATES FOR FURTHER CONFERENCES

    a.    *[handwritten: Telephone]* Status conferences will be held in this case at the following dates and times: *[handwritten: on April 25, 2012 at 1:15 p.m. — Status of case and any need to set settlement conference]*

    b.    A final pretrial conference will be held in this case on *[handwritten: January 15, 2013]* at *[handwritten: 9:03]* o'clock

7

A̲.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:   None.

b.  Anticipated length of trial and whether trial is to the court or jury:   Three day trial by jury. On September 9, 2013 At 9:00 AM. Trial Preparation Conference set on August 9, 2013 At 9:00 AM.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado:   None.   Rogers U.S. Courthouse.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the

8

magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 10TH day of April, 2012.

BY THE COURT:

_____
United States Magistrate Judge

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

APPROVED:

/s/ Miguel R. Velasco
Miguel R. Velasco
4800 Wadsworth Blvd.
Suite 218
Wheat Ridge, CO 80033
(720) 629-4916
velascomr@gmail.com

Attorney for Plaintiff

/s/ Sarah R. Peace
W.V. Bernie Siebert
Sarah R. Peace
633 17th Street, Suite 3000
Denver, CO 80202
(303) 297-2900
bsiebert@shermanhoward.com
speace@shermanhoward.com

Attorneys for Defendant

9